UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL S. CLARK        *

       *     CIVIL ACTION

VERSUS

       *     NUMBER 09-746-JJB-DLD

ENGLOBAL ENGINEERING, INC.

       *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## STATUS REPORT

NOW INTO COURT, through undersigned counsel, comes plaintiff and defendant who file the following status report:

JURISDICTION

Jurisdiction is appropriate pursuant to the Fair Labor Standards Act, 29 USC 201, et seq.

B.    BRIEF EXPLANATION OF THE CASE

1.    <u>Plaintiff</u>: Plaintiff has filed suit on his own behalf and on behalf of those similarly situated, alleging that defendant improperly classified the job of designer as exempt from overtime under the FLSA. In particular, plaintiff claims that he, and those similarly situated, were not paid on a salary basis and did not meet the other requirements for exempt status.

Plaintiff has filed this matter as a collective action pursuant to 29 USC 216(b).

1

2. <u>Defendant</u>: Defendant contends that Plaintiff is exempt from the overtime provisions of the Fair Labor Standards Act. Furthermore, Defendant contends that Plaintiff does not qualify as a representative for a collective action under the FLSA.

Furthermore, if Defendant's acts or omissions are found to be in violation of the FLSA, Defendant engaged in such acts or omissions on the good faith belief based on reasonable grounds that such were not in violation of the FLSA. Accordingly, there can be no showing of "willfulness," which limits the applicable statute of limitations to two (2) years. Plaintiff's claims, in whole or in part, are barred by the two (2) year statute of limitation.

C. PENDING MOTIONS

None.

D. ISSUES

1. Whether plaintiff and those similarly situated were properly classified as exempt, and if not, the extent of the overtime and other damages plaintiff and those similarly situated are owed.

2. Whether defendant owes liquidated damages.

3. Whether the statute of limitations is two or three years.

4. Whether this matter should be recognized as a collective action pursuant to 29 U.S.C. §216(b).

2

Case 3:09-cv-00746-JJB-DLD   Document 6   12/23/09   Page 2 of 8

E.  DAMAGES

1. <u>Plaintiff</u>: Plaintiff claims that he and those similarly situated are owed unpaid overtime, liquidated damages, attorney's fees and costs.

2. <u>Defendant</u>: Defendant contends that Plaintiff is not entitled to any damages. Should damages be found, Defendant has not, at this time, determined a calculation of an off-set.

F.  SERVICE

No issues.

G.  DISCOVERY

1. Plaintiff has served initial disclosures. Defendant has not served initial disclosures indicating it will do so in compliance with the scheduling order.

2, Plaintiff propounded Interrogatories and Requests for Production of Doucments. Defendant indicates it will answer after it files its initial disclosures pursuant to the scheduling order.

3. Defendant expects that Plaintiff will be seeking confidential business records during this proceeding. Defendant will seek a protective order before producing any such records in this case.

4. Discovery from experts:

<u>Plaintiff</u>:

Plaintiff has not determined if he will utilize experts in either the collective action or merits phase of the case.

3

<u>Defendant</u>:

Defendant also has not yet determined if it will utilize experts in any portion of this case.

H.   PROPOSED SCHEDULING ORDER

The parties were unable to agree on a proposed Scheduling Order. Thus, the parties submit the following separate proposals:

**Plaintiff proposes the following:**

The Proposed Scheduling Order addresses the collective action component of the case, pursuant to 29 U.S.C. §216(b), first followed by entry of a subsequent Scheduling Order after the Collective Action issue is resolved. Plaintiff suggests the following deadlines related to the Collective Action status of the case:

1. Recommended deadlines for amending the complaint, or adding new parties, claims, counterclaims or cross claims:  February 26, 2010.

2. Recommended deadlines for completion of fact discovery relating to Collective Action status:

    A. Exchanging initial disclosures required by FRCP 26(a)(1):  January 8, 2010.

    B. Filing all discovery motions and completing all discovery except experts:  March 26, 2010.

3. Disclosure of identities and resumes of expert witnesses to be used in the Collective Action determination:

    Plaintiff:   March 5, 2010.

    Defendant:   March 19, 2010.

4. Exchange of expert reports to be used in the Collective Action determination:

    Plaintiff:   April 9, 2010.

    Defendant:   April 30, 2010.

5. Completion of discovery from experts: May 14, 2010.

6. Filing Motion To Certify as a collective action: On or before May 28, 2010. Plaintiff may file, and the Court may consider, said motion before this deadline.

**Defendant proposes the following:**

1. Recommended deadlines for amending the complaint, or adding new parties, claims, counterclaims or cross claims: February 26, 2010.

2. Recommended deadlines for completion of Phase I fact discovery:

    A. Exchanging initial disclosures required by FRCP 26(a)(1): January 15, 2010.

    B. Filing all discovery motions and completing all discovery except experts: October 29, 2010.

3. Disclosure of identities and resumes of expert witnesses to be used in the Collective Action determination:

    Plaintiff:   November 12, 2010.

5

Defendant:   December 31, 2010   .

4. Exchange of expert reports to be used in the Collective Action determination:

Plaintiff:   November 12, 2010   .

Defendant:   December 31, 2010   .

5. Completion of discovery from experts:  March 4, 2011   .

6. Filing dispositive motions:  April 1, 2011

I. TRIAL

A. Plaintiff proposes that trial be deferred until the Collective Action issue is resolved.

B. Defendant proposes June 6, 2011.

J. OTHER MATTERS

None at present.

K. SETTLEMENT

No efforts to settle have been undertaken.

L. CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE

The parties do not consent.

Respectfully submitted, this 23rd day of December, 2009.

        MICHAEL T. TUSA, JR., #02154
        SUTTON & ALKER, LLC
        4080 Lonesome Road, Suite A
        Mandeville, LA 70448
        Telephone: (985) 727-7501
        Facsimile: (985) 727-7505

        and

        PHILIP BOHRER #14089
        BOHRER LAW FIRM, LLC
        8712 Jefferson Highway, Suite B
        Baton Rouge, LA 70809
        Telephone: 225-925-5297
        Fax No.: 225-926-9686


By: */s/Philip Bohrer*
**Counsel for Plaintiff Michael S. Clark**


By: */s/ Mary Ellen King*
Mary Ellen King
Louisiana Bar No. 30805
W. Jackson Wisdom
David J. Quan
MARTIN, DISIERE, JEFFERSON & WISDOM
One Congress Plaza, Suite 1070
111 Congress Avenue
Austin, Texas 78701
Telephone: 512/610-4400
Facsimile: 512/610-4401

**Counsel for Defendant, Englobal Engineering, Inc.**

7

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of December, 2009, I electronically filed the foregoing with the Clerk of Court using the Court's ECF System which sent notification to all counsel of record who are ECF users and by electronic mail to all counsel who are not ECF users.

       /s/Mary Ellen King
       Mary Ellen King